**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

WILLIAM SELTZER, JR.,         :

    Petitioner,            :

vs.                           :        CA 07-0465-CG-C

SAM COCHRAN,                  :

    Respondent.

**REPORT AND RECOMMENDATION**

This cause is before the Court on the petition, the response of the respondent, and petitioner's notice of change of address. Based upon a review of all pleadings filed in this case, the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), recommends that Seltzer's habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice to allow petitioner to exhaust his state remedies since this action has been prematurely filed.

**FINDINGS OF FACT**

1.    William Seltzer filed a § 2254 habeas corpus petition in this Court on June 27, 2007, challenging his convictions on three driving charges (i.e, driving with a suspended license, driving on an improper tag, and driving without the use of a seat belt), first in the Mobile County Municipal Court (on

January 18, 2007)[1] and then in the Circuit Court of Mobile County (on April 3, 2007).[2] (*See* Doc. 1, at 2-3; *but cf.* Doc. 7, at ¶ 1 ("Seltzer was arrested on January 5, 2007 by the City of Mobile Police officers on several traffic tickets including driving with a suspended license, no license tag and driving without insurance.")) Petitioner was sentenced to a 180-day term of imprisonment in the Mobile County Metro Jail. (Doc. 1, at 2)

2.     Seltzer appealed his convictions and 180-day sentence to the Alabama Court of Criminal Appeals. (*See* Doc. 7, Exhibit B, Case Action Summary Sheet) On June 11, 2007, the Alabama Court of Criminal Appeals dismissed Seltzer's appeal. (Doc. 7, Exhibit B, CERTIFICATE OF

---

[1] In accordance with Alabama law, the charges against Seltzer were tried by a municipal judge without a jury. Ala. Code § 12-14-6 ("All cases in municipal courts shall be tried by a judge without a jury."). "The municipal court shall have concurrent jurisdiction with the district court of all acts constituting violations of state law committed within the police jurisdiction of the municipality which may be prosecuted as breaches of municipal ordinances." Ala. Code § 12-14-1(c).

[2] Petitioner exercised his appeal, as of right, to the Circuit Court of Mobile County from the Mobile County Municipal Court. Ala.R.Crim.P. 30.1 ("A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo."); *see also* Ala. Code § 12-14-70(a) ("All appeals from judgments of municipal courts shall be to the circuit court of the circuit in which the violation occurred for trial de novo."); *see Snavely v. City of Huntsville*, 785 So.2d 1162, 1167 (Ala.Crim.App. 2000) ("On December 12, 1997, Snavely was charged with driving with an expired tag, driving while his license was revoked, and failing to wear a properly fastened seat belt. Snavely was convicted of all three charges in municipal court, and he appealed to the Madison County Circuit Court for a trial de novo.").

JUDGMENT)

> More than 14 days have passed since this Court issued an order in the above-referenced cause allowing the appellant 14 days to pay the $100 docket fee prescribed in Rule 35(A)(b) of the Alabama Rules of Appellate Procedure or to provide proof that he/she had been granted leave to proceed on appeal in forma pauperis or has a motion pending with the trial court seeking leave to proceed on appeal in forma pauperis. In said order, the appellant was placed on notice that his/her failure to comply within the allotted time would result in this appeal being dismissed with prejudice.
>
> Upon consideration of the above and because the appellant has failed to comply with the above-referenced order within the allotted time and has failed to show good cause for such failure, the Court of Criminal Appeals orders that this appeal be, and the same is hereby, DISMISSED. Having this date dismissed this appeal, the Court further orders that the certificate of judgment shall issue forthwith.

(Doc. 7, Exhibit B, ORDER)

3.  Given the disposition by the Alabama Court of Criminal Appeals, Seltzer did not petition the Alabama Supreme Court for writ of certiorari; however, it is clear that the Alabama Supreme Court is the court of last resort in Alabama for such misdemeanor convictions. *See Ex parte Snavely*, 770 So.2d 1055 (Ala. 2000).

4.  Seltzer's habeas corpus petition contains his repeated admissions that he raised none of the claims he seeks to raise in this Court on appeal to Alabama's state courts. (Doc. 1, at 7-9 & Attached Pages)

## CONCLUSIONS OF LAW

1.      A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has a right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732.

2.      A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the

first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id.* (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982).

        3.       The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii).[3] A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*,

---

[3]    Importantly, § 2254(b)(1) presupposes that the habeas corpus applicant is in custody pursuant to a judgment of a state court. *See id.*

749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

    4.    While it appears that petitioner can no longer attack his convictions and sentence on direct review, it is also clear that petitioner may collaterally attack his misdemeanor convictions and sentence through a Rule 32 proceeding. *See Scott v. State*, 939 So.2d 950, 952 & 954 (Ala.Crim.App. 2005) ("'Rule 32.10, Ala.R.Crim.P., provides that "[a]ny party may appeal a decision of a district or municipal court according to existing procedure." The "existing procedure" for a defendant's appeal of a municipal court decision is found in Rule 30.1(a), Ala.R.Crim.P. . . . Rule 30.1(a) states: '"(a) Trial De Novo. A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of

the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo.'" . . . [T]he plain language of Rule 30.1(a), Ala.R.Crim.P., does not support the conclusion that, when a Rule 32 petitioner appeals a district court's ruling on his petition to the circuit court, the circuit court should review the Rule 32 petition de novo. . . . [W]e conclude that, on appeal from a district court's ruling on a Rule 32 petition, a circuit court should conduct a limited review, in the nature of certiorari."), *cert. denied* (Ala. 2006). Petitioner makes no argument in his petition why this Court should excuse his failure to exhaust his state remedies (*see* Doc. 1) and did not respond to the undersigned's specific invitation to show cause why his petition should not be dismissed for failure to exhaust his state remedies (*compare* Doc. 11 *with* Docket Sheet); therefore, the undersigned declines to excuse the failure to exhaust.

## **RECOMMENDATION**

The Magistrate Judge recommends that William Seltzer's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed, without prejudice, to allow petitioner the opportunity to fully exhaust his state

court remedies.

  The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

  **DONE** this the 12th day of October, 2007.

     <u>s/WILLIAM E. CASSADY</u>
     **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

          s/WILLIAM E. CASSADY        
UNITED STATES MAGISTRATE JUDGE